IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS, | ) | |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-CV-822-WKW |
| | ) | [WO] |
| OTORHINOLARYNGOLOGY | ) | |
| ASSOCIATES, P.C., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONSENT JUDGMENT AND ORDER

Plaintiff, the Secretary of Labor ("Secretary"), pursuant to her authority under § 502(a)(2) and 502(a)(5), 29 U.S.C. § 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.*, ("ERISA") has filed a Complaint against Defendants Otorhinolaryngology Associates, P.C. ("OTO") and Dr. Rickey Gene Love ("Love") (referred to collectively herein as "Defendants"). (Doc. # 1.) The Complaint also names the Otorhinolaryngology Associates, P.C. Profit Sharing Plan (the "Plan") as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure to ensure that complete relief may be granted.

Defendants and the Secretary have agreed to resolve all matters in controversy in this action, and the Parties consent to entry of a judgment and order by this court in accordance with the following terms:

A. The Secretary's Complaint alleges that Defendants Love and OTO breached their fiduciary duties with respect to the Plan by failing to discharge their duties under the Plan and by violating provisions of §§ 404(a)(1)(A), 404(a)(1)(B) and 405(a)(1)(C) of ERISA, and 29 U.S.C. §§ 1104(a)(1)(A), 1104(a)(1)(B) and 1104(a)(1)(C), as set forth in the Complaint.

B. Defendants admit to the jurisdiction of the court over them and over the subject matter of this action. Defendants admit that this court has the authority to enforce this Order and that this court is the most appropriate venue for any enforcement action that may be required as a result of this Order.

C. Defendants neither admit nor deny the allegations in the Complaint.

D. Defendants expressly waive any and all claims of whatever nature that they have or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

E. That this Order will represent a complete settlement of all the Secretary's

claims asserted in this action against Defendants Love and OTO, with the exception of any potential civil money penalties that may be assessed under § 502(1) of ERISA, 29 U.S.C. § 1132(1). This Order is not binding upon any government agency other than the U.S. Department of Labor and only resolves claims arising out of this action between the Secretary and Defendants Love and OTO.

  F. The Secretary and Defendants expressly waive findings of fact and conclusions of law, except as otherwise set forth and addressed herein, and consent to the entry of this Order as a full and complete resolution of all claims and issues that were, or might have been, alleged in this action, without trial or adjudication of any issue of fact or law raised in the Complaint.

  Accordingly, it is ORDERED, ADJUDGED and DECREED that:

  1. The court has jurisdiction over the Parties and the subject matter of this action and is empowered to provide the relief herein. 28 U.S.C. § 1331.

  2. Defendants Love and OTO, their agents, servants, employees and all persons in active concert or participation with them, are permanently enjoined and restrained from violating the provisions of Title I of ERISA.

  3. Defendant Love is permanently enjoined from acting as a fiduciary, trustee, agent, or representative in any capacity to any employee benefit plan, as defined by ERISA.

4. Defendant Love agrees to allow any participant interest he may have in any existing or future assets of the Plan to be applied as an offset against the amounts that the Secretary has alleged are due to the Plan, as authorized by ERISA § 206(d)(4). The Plan document is deemed amended to permit the distribution and offset of Love's participant interest, as provided herein. A full executed copy of this Consent Judgment and Order shall be maintained by the Plan administrator with all other documents and instruments governing the Plan.

5. By her signature (Doc. # 1, Ex. 1), Mrs. Candace Jones Love, spouse of Defendant Love, waives any claims that she may have for her spouse's benefits under the Plan with respect to her spouse's account, which will be redistributed to other participants, and acknowledges that she understands: (a) that the effect of such consent may be to forfeit the benefits that she would be entitled to receive upon her spouse's death; (b) that her spouse's waiver is not valid without her consent; and (c) that her consent is irrevocable upon the entry of this Order.

6. Mrs. Candace Jones Love further agrees to allow any participant interest she may have in any existing or future assets of the Plan to be applied as an offset against the amounts that the Secretary has alleged are due to the Plan, as authorized by ERISA § 206(d)(4). The Plan document is deemed amended to permit the distribution and offset of Mrs. Candace Jones Love's participant interest, as provided herein. A full

executed copy of this Consent Judgment and Order shall be maintained by the Plan administrator with all other documents and instruments governing the Plan.

7. Jeanne B. Bryant of Receivership Management, Inc., 783 Old Hickory Blvd., Suite 255, Brentwood, TN 37027, is appointed as successor fiduciary for the Plan and:

    A. The successor fiduciary shall collect, marshal, and administer all of the Plan's assets and take such further actions with respect to the Plan as may be appropriate.

    B. The successor fiduciary shall have all the rights, duties, and responsibilities of any fiduciary or trustee described under the Plan documents or the applicable law, with respect to the successor fiduciary's duties.

    C. The successor fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law.

    D. The successor fiduciary shall be entitled to receive reasonable fees and expenses for her services. Defendants Love and OTO shall be responsible for paying the entire successor fiduciary's reasonable fees and expenses with respect to services performed for the Plan. The successor fiduciary shall send invoices for such fees and expenses to Defendants Love and OTO at such times and on such a schedule as the successor fiduciary, in her sole discretion, deems appropriate. Defendants Love and OTO acknowledge and agree that these invoices will be considered properly

delivered if they are deposited in the United States mail, addressed to: Dr. Rickey Gene Love, c/o James Wilson, Esq., 4265 Lomac Street, Montgomery, Alabama, 36106.

  E.  Full payment of each invoice shall be made by Defendants Love and OTO and received by the successor fiduciary not later than the 16th day following the date of the invoice.  Interest shall accrue on any past due amount at the rate of 18% per annum, compounded daily.  Defendants Love and OTO shall be responsible, jointly and severally, for all costs, including reasonable attorney's fees and expenses, incurred by the successor fiduciary in the course of collecting such past due amounts. Defendants Love and OTO shall deliver or otherwise make available to the successor fiduciary any information, documents, files or other compilations, wherever and however stored; that are reasonably necessary to perform the duties of the successor fiduciary.

  F.  The successor fiduciary is authorized to give instructions respecting the disposition of assets of the Plan.

  G.  The successor fiduciary in the performance of her duties may retain such assistance as she may require, including attorneys, accountants, actuaries and other service providers.

  H.  The payment of administrative expenses and all fees to the successor

fiduciary, her assistants, attorneys, accountants, actuaries and other necessary service providers are to be considered priority administrative expenses of the Plan.

  I. The successor fiduciary or her agents, employees or representatives may not be held personally responsible for any claims against the Plan which existed, arose, matured or vested prior to the appointment of the successor fiduciary.

  K. The successor fiduciary is to comply with all applicable rules and laws.

 8. This Consent Judgment resolves all claims of Plaintiff's Complaint with the following exceptions:

  A. This Judgment does not adjudicate or otherwise affect any potential civil money penalties that may be assessed under § 502(1) of ERISA.

  B. This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

  C. This court retains jurisdiction for the purposes of enforcing compliance with the terms of this Consent Judgment and Order.

 9. Each party shall bear its and his own costs and expenses, including attorney's fees, arising in connection with any stage of above-referenced proceeding, including, but not limited to, attorney's fees that may be available under the Equal Access to Justice Act, as amended.

The Clerk of the Court is DIRECTED to close this case.

DONE this 25th day of October, 2011.

                                          /s/ W. Keith Watkins
                               CHIEF UNITED STATES DISTRICT JUDGE